**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CAMPAIGN LEGAL CENTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. No. 18-53 (TSC) |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL ELECTION COMMISSION, | ) | MOTION TO DISMISS |
| | ) | |
| Defendant. | ) | |
| | ) | |

**FEDERAL ELECTION COMMISSION'S MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), defendant Federal Election Commission ("Commission" or "FEC") hereby moves to dismiss plaintiff's Complaint challenging the Commission's alleged failure to act upon an administrative complaint within 120 days under the Federal Election Campaign Act ("FECA"), 52 U.S.C. § 30109(a)(8)(A), and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1).  This Court lacks subject matter jurisdiction over this matter because plaintiff has failed to allege a concrete and particularized injury, and therefore it does not have Article III standing.  In addition, plaintiff has failed to state a claim under the APA because FECA provides an adequate mechanism for judicial review of the FEC's conduct here, and APA review is thus precluded.

A supporting memorandum of points and authorities and a proposed order accompany this motion.

Respectfully submitted,

Lisa J. Stevenson (D.C. Bar No. 457628)      Harry J. Summers
Acting General Counsel                        Assistant General Counsel
lstevenson@fec.gov                            hsummers@fec.gov

Kevin Deeley                                   s/ *Benjamin A. Streeter III*
Associate General Counsel                      Benjamin A. Streeter III
kdeeley@fec.gov                                Attorney
                                               bstreeter@fec.gov

                                               FEDERAL ELECTION COMMISSION
                                               1050 First Street NE
March 19, 2018                                 Washington, DC  20463
                                               (202) 694-1650

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CAMPAIGN LEGAL CENTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. No. 18-53 (TSC) |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM IN SUPPORT |
| FEDERAL ELECTION COMMISSION, | ) | OF MOTION TO DISMISS |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT**
**FEDERAL ELECTION COMMISSION'S MOTION TO DISMISS**

Lisa J. Stevenson (D.C. Bar No. 457628)
Acting General Counsel
lstevenson@fec.gov

Kevin Deeley
Associate General Counsel
kdeeley@fec.gov

Harry J. Summers
Assistant General Counsel
hsummers@fec.gov

Benjamin A. Streeter III
Attorney
bstreeter@fec.gov

FEDERAL ELECTION COMMISSION
1050 First Street NE
Washington, DC 20463
(202) 694-1650

March 19, 2018

# TABLE OF CONTENTS

*Page*

I.      BACKGROUND ...........................................................................................................2

        A.      The Federal Election Commission...................................................................2

        B.      FECA's Reporting Requirements and Contribution Limitations......................2

        C.      FECA's Administrative Enforcement Process and Judicial Review
                Standard ........................................................................................................ 3

        D.      Plaintiff CLC's Claims in This Matter.............................................................4

II.     THIS CASE SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1)
        BECAUSE PLAINTIFF CLC LACKS ARTICLE III STANDING ............................5

        A.      Standards of Review .....................................................................................5

        B.      CLC'S Effort to Compel the FEC to Determine That Another Party
                Violated the Law Does Not Present a Legally Cognizable Injury to CLC........7

III.    CLC'S APA CLAIM SHOULD BE DIMISSED UNDER RULE 12(b)(6)
        BECAUSE FECA PROVIDES AN ADEQUATE JUDICIAL REVIEW
        MECHANISM .........................................................................................................12

IV.     CONCLUSION.......................................................................................................16

# TABLE OF AUTHORITIES

*Cases*                                                                                      *Page*

*All. for Democracy,* 362 F. Supp. 2d 138 (D.D.C. 2005) ....................................................9, 10

*Am. Farm Bureau v. EPA,* 121 F. Supp. 2d 84 (D.D.C. 2000)..................................................9

*Am. Legal Found. v. FCC,* 808 F.2d 84 (D.C. Cir. 1987)...........................................................6

*Animal Legal Def. Fund, Inc. v. Espy,* 23 F.3d 496 (D.C. Cir. 1994) ......................................9

*Arpaio v. Obama,* 797 F.3d 11 (D.C. Cir. 2015) .......................................................................5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...............................................................................5, 12

*ASPCA v. Feld Entm't, Inc.,* 659 F.3d 13 (D.C. Cir. 2011) .......................................................9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................................12

*Block v. Cmty. Nutrition Inst.*, 467 U.S. 340 (1984).........................................................13, 14

*Bowen v. Massachusetts,* 487 U.S. 879 (1989)........................................................................13

*Campaign Legal Ctr. v. FEC,* 245 F. Supp. 3d 119 (D.D.C. 2017)........................................11

*Citizens for Responsibility and Ethics in Wash.* ("*CREW*") *v. U.S. Dep't of the*
    *Treasury, IRS,* 21 F. Supp. 3d 25 (D.D.C. 2014)................................................................9

*Coal River Energy, LLC v. Jewell,* 751 F.3d 659 (D.C. Cir. 2014)........................................14

*Common Cause v. FEC,* 108 F.3d 413 (D.C. Cir. 1997) ................................................ *passim*

**CREW v. FEC**, 267 F. Supp. 3d 50 (D.D.C. 2017)..............................................................8, 9

*CREW v. FEC,* 243 F. Supp. 3d 91 (D.D.C. 2017)..................................................................14

*CREW v. FEC,* 164 F. Supp. 3d 113 (D.D.C. 2015).........................................................14, 15

*CREW v. FEC,* 799 F. Supp. 2d 78 (D.D.C. 2011)...................................................................11

*CREW v. FEC*, 475 F.3d 337 (D.C. Cir. 2007).......................................................................11

*CREW v. DOJ,* 846 F.3d 1235 (D.C. Cir. 2017)......................................................................13

*FEC v. Akins,* 524 U.S. 11 (1998)..........................................................................................10

*FEC v. Nat'l Conservative Political Action Comm.,* 470 U.S. 480 (1985) ..............................4

*FEC v. Rose,* 806 F.2d 1081 (D.C. Cir. 1986)..........................................................................4

*Flores ex rel. J.F. v. District of Columbia,* 437 F. Supp. 2d 22 (D.D.C. 2006) .......................5

*Freedom Republicans, Inc. v. FEC,* 13 F.3d 412 (D.C. Cir. 1994) ...........................................6

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167 (2000) .............6

*FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215 (1990)............................................................5, 6

*Garcia v. Vilsack,* 563 F.3d 519 (D.C. Cir. 2009) ..................................................................14

*Herron for Congress v. FEC,* 903 F. Supp. 2d 9 (D.D.C. 2012) ...........................................6, 8

*In re Nat'l Cong. Club,* Nos. 84-5701, 84-5719, 1984 WL 148396
    (D.C. Cir. Oct. 24, 1984) ...................................................................................................4

*Judicial Watch, Inc. v. FEC,* 293 F. Supp. 2d 41 (D.D.C. 2003) ........................................8, 11

*Klayman v. Obama,* 957 F. Supp. 2d 1 (D.D.C. 2013)............................................................13

*Linda R.S. v. Richard D.,* 410 U.S. 614 (1973) ........................................................................6

*Lujan v. Defs. of Wildlife,* 504 U.S. 555 (1992) ...............................................................6, 7, 8

*McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178 (1936)...................................5

*Perot v. FEC*, 97 F.3d 553 (D.C. Cir. 1996)..........................................................................14

*Sierra Club v. Jackson,* 648 F.3d 848 (D.C. Cir. 2011)..........................................................12

*Stockman v. FEC,* 138 F.3d 144 (5th Cir. 1998)...............................................................14, 15

*Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,*
    454 U.S. 464 (1982).........................................................................................................6

*Vroom v. FEC,* 951 F. Supp. 2d 175 (D.D.C. 2013)..........................................................9, 10

*Warth v. Seldin,* 422 U.S. 490 (1975) .......................................................................................6

*Wertheimer v. FEC,* 268 F.3d 1070 (D.C. Cir. 2001).............................................................8, 9

*Zivotofsky v. Sec'y of State,* 444 F.3d 614 (D.C. Cir. 2006) ....................................................9

*21st Century Telesis Joint Venture v. FCC,* 318 F.3d 192 (D.C. Cir. 2003) ............................5

**Statutes and Regulations**

5 U.S.C. § 704............................................................................................................................13

5 U.S.C. § 706(1) .........................................................................................................................1

52 U.S.C. § 30104........................................................................................................................2

52 U.S.C. § 30106........................................................................................................................2

52 U.S.C. § 30106(b)(1) .........................................................................................................2, 15

52 U.S.C. § 30106(c) ...................................................................................................................3

52 U.S.C. § 30107........................................................................................................................2

52 U.S.C. § 30109(a)(1)...........................................................................................................2, 3

52 U.S.C. § 30109(a)(2) ..................................................................................................2, 3

52 U.S.C. § 30109(a)(4)(A)(i) ..............................................................................................3

52 U.S.C. § 30109(a)(6) ........................................................................................................2

52 U.S.C. § 30109(a)(6)(A) ..................................................................................................3

52 U.S.C. § 30109(a)(8) ............................................................................................... *passim*

52 U.S.C. § 30109(a)(8)(A) .........................................................................................3, 4, 15

52 U.S.C. § 30109(a)(8)(C) ..................................................................................................4

52 U.S.C. § 30109(a)(12) ......................................................................................................3

52 U.S.C. § 30116(a) .............................................................................................................2

52 U.S.C. § 30118 .................................................................................................................2

52 U.S.C. § 30119 .................................................................................................................2

52 U.S.C. § 30119(a) .............................................................................................................2

52 U.S.C. § 30121 .................................................................................................................2

11 C.F.R. § 111.4 ..................................................................................................................3

*Miscellaneous*

Fed. R. Civ. P. 12(b)(1) .................................................................................................2, 12

Fed. R. Civ. P. 12(b)(6) .................................................................................................2, 12

Plaintiff Campaign Legal Center ("CLC") lacks Article III standing to pursue this suit seeking relief for alleged failure to act and/or unlawful delay by defendant Federal Election Commission ("Commission" or "FEC") regarding an administrative complaint filed by CLC. CLC has not demonstrated any informational or other concrete injury that has stemmed or could stem from the Commission's handling of CLC's administrative complaint.

In late 2016, according to the court complaint, CLC and an individual filed an administrative complaint with the FEC contending that GEO Corrections Holdings, Inc. ("GC Holdings") was a federal contractor that had made substantial contributions to an independent-expenditure-only political committee in violation of the Federal Election Campaign Act's ("FECA" or "Act") ban on federal contractor contributions.  (Compl. for Declaratory and Injunctive Relief (Docket No. 1) ("Compl.") ¶¶ 8, 18-20.)  CLC now asserts claims under FECA, 52 U.S.C. § 30109(a)(8)(A), and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), that the Commission has unlawfully failed to act or delayed handling this administrative complaint.  (Compl. ¶¶ 21, 23-24.)  But CLC has no Article III standing because it has failed to allege or demonstrate any concrete and particularized injury.  In particular, CLC cannot establish any informational injury because a mere desire for a determination by the FEC that FECA's ban on federal contractor contributions was violated is insufficient.  CLC does not allege that such contributions resulted in any failure to disclose information in violation of FECA's reporting requirements.  Indeed, CLC already knows the nature and source of the contributions about which it complains, including through required public reporting made to the FEC by the recipient committee.  And standing cannot rest on a broad desire to see federal law enforced, because such a generalized interest in law enforcement is insufficient to establish an Article III case or

controversy.  Thus, CLC's suit must be dismissed for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

In addition, with regard to the APA count in the Complaint, CLC has failed to state a claim pursuant to Rule 12(b)(6), because 52 U.S.C. § 30109(a)(8)(A) provides an adequate mechanism for judicial review of challenges to alleged FEC inaction or delay.  Recent decisions of courts in this District have confirmed that FECA's judicial review provision precludes APA claims challenging agency dismissals of administrative complaints, and the same is plainly true of purported APA claims alleging agency delay in acting on such complaints.

## I.     BACKGROUND

### A.     The Federal Election Commission

The FEC is a six-member independent agency of the United States government with exclusive jurisdiction to administer, interpret, and civilly enforce FECA.  *See generally* 52 U.S.C. §§ 30106-07.  Congress authorized the Commission, *inter alia*, to investigate possible violations of the Act, *id.* § 30109(a)(1)-(2), and granted the Commission exclusive jurisdiction to initiate civil enforcement actions for violations of the Act in the United States district courts, *id.* §§ 30106(b)(1), 30109(a)(6).

### B.     FECA's Reporting Requirements and Contribution Limitations

FECA generally requires candidates, political parties, and political committees to disclose publicly the amounts they spend and receive in reports filed with the FEC.  *See* 52 U.S.C. § 30104.  FECA also limits the dollar amounts and permissible sources of contributions such persons may receive.  52 U.S.C. §§ 30116(a), 30118-19, 30121.  One of those prohibitions is the making or knowing solicitation of contributions from federal contractors.  52 U.S.C. § 30119(a).

### C.     FECA's Administrative Enforcement Process and Judicial Review Standard

FECA permits any person to file an administrative complaint with the Commission alleging a violation.  52 U.S.C. § 30109(a)(1); *see also* 11 C.F.R. § 111.4.  After reviewing the complaint and any response filed by the respondent whose conduct is at issue, the Commission considers whether there is "reason to believe" that FECA has been violated.  52 U.S.C. § 30109(a)(2).  If at least four of the FEC's Commissioners vote to find such reason to believe, the Commission may investigate the alleged violation; otherwise, the Commission dismisses the administrative complaint.  *Id.* §§ 30106(c), 30109(a)(2).  Any administrative investigation under this provision is confidential until the administrative process is complete.  *Id.* § 30109(a)(12).

If an investigation is conducted, the FEC must then determine whether there is "probable cause" to believe that FECA has been violated.  Like a reason-to-believe finding, a determination to find probable cause to believe that a FECA violation has occurred requires an affirmative vote of at least four Commissioners.  52 U.S.C. §§ 30106(c), 30109(a)(4)(A)(i).  If the FEC makes such a determination, the agency is statutorily required to attempt to remedy the apparent violation informally and attempt to reach a conciliation agreement with the respondent.  *Id.* § 30109(a)(4)(A)(i).  If the Commission is unable to reach a conciliation agreement, FECA authorizes the agency to institute a *de novo* civil enforcement action in federal district court.  *Id.* § 30109(a)(6)(A).  Entering into a conciliation agreement or instituting a civil action requires an affirmative vote of at least four Commissioners.  *Id.* §§ 30106(c), 30109(a)(6)(A).

Administrative complainants may challenge the FEC's handling of their complaints in two limited situations.  *See* 52 U.S.C. § 30109(a)(8)(A).  First, a party who has filed an administrative complaint may sue the Commission in the event of "a failure of the Commission to act on [the administrative] complaint during the 120-day period beginning on the date the complaint is filed."  *Id*.  This 120-day period is a jurisdictional threshold before which suit may

not be brought, not a timetable within which the Commission must resolve an administrative complaint. *See, e.g.*, *FEC v. Rose*, 806 F.2d 1081, 1092 (D.C. Cir. 1986). The second situation in which an administrative complainant may file suit is where the Commission decides to dismiss the complaint. In that event, FECA allows the complainant to challenge the dismissal in court. 52 U.S.C. § 30109(a)(8)(A).

If a court finds that a Commission dismissal or failure to act was "contrary to law," it may order the Commission to conform to the court's decision within 30 days. 52 U.S.C. § 30109(a)(8)(C); *see In re Nat'l Cong. Club*, Nos. 84-5701, 84-5719, 1984 WL 148396, at *1 (D.C. Cir. Oct. 24, 1984) (per curiam); *Rose*, 806 F.2d at 1084. If the Commission fails to conform within that time period, the administrative complainant may bring a civil action to remedy the violation alleged in the administrative complaint. 52 U.S.C. § 30109(a)(8)(C); *see FEC v. Nat'l Conservative Political Action Comm.*, 470 U.S. 480, 488 (1985).

### D.    Plaintiff CLC's Claims in This Matter

Plaintiff's court complaint alleges that on November 1, 2016, CLC and Catherine Hinckley Kelley filed an administrative complaint with the FEC seeking "enforcement for apparent violation of the ban on federal contractor donations." (Compl. ¶ 18.) CLC claims that, as detailed in that administrative complaint as well as a supplement filed on December 20, 2016, GC Holdings was a federal contractor that unlawfully contributed $225,000 to Rebuilding America Now, an independent-expenditure-only political committee or "super PAC." (*Id.* ¶¶ 1, 18, 20.)

A little more than a year later, on January 10, 2018, CLC filed this suit seeking declaratory and injunctive relief against the FEC. (Compl. ¶ 1.) Plaintiff asks the Court to declare that the FEC's failure to act on its administrative complaint within 120 days was contrary to law under 52 U.S.C. § 30109(a)(8)(A) and constituted unreasonable delay under 5 U.S.C. §

4

706(1).  (Compl. ¶¶ 24, 26; Requested Relief ¶¶ 1, 2.)  Plaintiff also asks the Court "to order the

FEC to conform with [such] declaration within 30 days."  (Compl., Requested Relief ¶ 3.)

## II.   THIS CASE SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1) BECAUSE PLAINTIFF CLC LACKS ARTICLE III STANDING

### A.   Standards of Review

"Article III, section 2 of the Constitution limits federal courts to deciding actual ongoing

controversies." *21st Century Telesis Joint Venture v. FCC,* 318 F.3d 192, 198 (D.C. Cir. 2003)

(internal citations omitted).  There is no such controversy when a plaintiff lacks standing.

Plaintiff CLC bears the burden of establishing this Court's subject matter jurisdiction, including

showing that CLC has constitutional standing.  *See Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir.

2015).  "[I]t is the burden of the party who seeks the exercise of jurisdiction in his favor . . .

clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the

dispute." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (citations and internal

quotation marks omitted).

To survive the FEC's motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(1), the judicial complaint "must contain sufficient factual matter, accepted as true, to 'state

a claim [of standing] that is plausible on its face.'" *Arpaio*, 797 F.3d at 19 (alteration in original)

(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A plaintiff "must allege in his pleading

the facts essential to show jurisdiction," *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298

U.S. 178, 189 (1936), and "the necessary factual predicate may not be gleaned from the briefs

and arguments," *FW/PBS*, 493 U.S. at 235 (internal quotation marks omitted).  However, this

Court "may look beyond the allegations contained in the complaint" to "materials outside the

pleadings" to determine whether a plaintiff can show standing.  *Flores ex rel. J.F. v. District of

Columbia*, 437 F. Supp. 2d 22, 28-29 (D.D.C. 2006) (internal quotation marks omitted).

Although the elements of standing cannot be "reduced to a one-sentence or one-paragraph definition," *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,* 454 U.S. 464, 471 (1982), CLC must show a reasonable chance of "obtaining a tangible benefit from winning," *Herron for Congress v. FEC,* 903 F. Supp. 2d 9, 16 (D.D.C. 2012). To demonstrate Article III standing, a plaintiff must specifically establish that: "(1) [the plaintiff] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180-181 (2000) (citing *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560-561 (1992)). Particularized means that "the injury must affect the plaintiff in a personal and individual way." *Lujan v. Defs. of Wildlife*, 504 U.S. at 560 n.1. And when, as here, "a plaintiff's asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation) of *someone else*," standing is "substantially more difficult" to establish. *Id*. at 562. *Accord Common Cause v. FEC*, 108 F.3d 413, 417 (D.C. Cir. 1997); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") Standing "focuses on the complaining party to determine 'whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" *Am. Legal Found. v. FCC,* 808 F.2d 84, 88 (D.C. Cir. 1987) (quoting *Warth v. Seldin,* 422 U.S. 490, 498 (1975)). Thus, courts "may not entertain suits alleging generalized grievances that agencies have failed to adhere to the law." *Freedom Republicans, Inc. v. FEC*, 13 F.3d 412, 415 (D.C. Cir. 1994).

**B.      CLC's Effort to Compel the FEC to Determine That Another Party Violated the Law Does Not Present a Legally Cognizable Injury to CLC**

Plaintiff CLC cannot establish Article III standing because the only purported injury it has alleged is a generalized desire to see the FEC apply the law against someone else.  CLC fails to allege that it has suffered any concrete or particularized injury from allegedly illegal contributions by GC Holdings.  Rather, CLC simply wishes to have the FEC determine whether the alleged activities it complains of constitute a violation of FECA and to compel the agency to enforce the law against the alleged violator.  Such concerns cannot be the basis for standing because there is "no justiciable interest in having the Executive Branch act in a lawful manner." *Common Cause*, 108 F.3d at 419.

CLC's court complaint makes only a nominal effort to show any connection between CLC itself and the contributions about which it complains.  CLC describes itself as a nonpartisan, nonprofit organization working to strengthen American democracy by efforts to "ensure that the public has access to information" regarding campaign finances.  (Compl. ¶ 3.) CLC further claims that it advances its interests by research, authoring reports, and its involvement in litigation.  (*Id.*)  Among these activities are CLC's filing of "FEC complaints requesting that enforcement actions be taken" and "suits in federal court when the FEC fails to comply with the provisions of FECA."  (*Id.*)  In this case, CLC alleges that it filed an administrative complaint asserting that GC Holdings violated FECA's ban on federal contractor contributions by making two contributions to Rebuilding America Now during the 2016 election campaign.  A little more than a year later, CLC filed this suit alleging unlawful delay.  *See supra* p. 4.

CLC has failed, however, to allege any discrete injury that affects CLC "in a personal and individual way."  *Lujan,* 504 U.S. at 560 n. 1.  It makes no claim that its efforts to strengthen

American democracy are hindered in any concrete or specific way by the FEC's alleged failure

to act in this matter.  This is not a situation where a plaintiff asserts a conjectural or hypothetical

injury-in-fact; here, CLC's court complaint makes no allegation at all that it has suffered any

injury, and thus CLC cannot obtain "any tangible benefit from winning" this suit.  *Herron*, 903

F. Supp. 2d at 16.  *See Citizens for Responsibility and Ethics in Wash. ("CREW") v. FEC*, 267 F.

Supp. 3d 50, 53 (D.D.C. 2017) ("easily" dismissing claims that the FEC had failed to investigate

allegations, *inter alia*, of unlawful contributions from a source prohibited by FECA).

What CLC does seek is "a legal conclusion that carries certain law enforcement

consequences" for others.  *Wertheimer v. FEC,* 268 F.3d 1070, 1075 D.C. Cir. 2001).  But

"[w]hile 'Congress can create a legal right . . . the interference with which will create an Article

III injury,' . . . Congress cannot . . . create standing by conferring 'upon *all* persons . . . an

abstract, self-contained, noninstrumental 'right' to have the Executive observe the procedures

required by law.'"  *Common Cause,* 108 F.3d at 418 (quoting *Lujan*, 504 U.S. at 573) (emphasis

in original, internal citation omitted).  In this case, there can be little doubt that CLC's complaint

seeks only to have the FEC pursue GC Holdings for alleged violations of the federal contractor

contribution ban.  That is not enough to support standing.

As the D.C. Circuit has confirmed, a plaintiff cannot "establish injury in fact merely by

alleging that he has been deprived of the knowledge as to whether a violation of [FECA] has

occurred."  *Common Cause*, 108 F.3d at 418 (explaining that such a holding "would be

tantamount to recognizing a justiciable interest in the enforcement of the law").  "[T]he

government's alleged failure to 'disclose' that certain conduct is illegal by itself does not give

rise to a constitutionally cognizable injury."  *Wertheimer,* 268 F.3d at 1074; *see also Judicial

Watch, Inc. v. FEC,* 293 F. Supp. 2d 41, 46 (D.D.C. 2003) (stating that "an injury that occurs

when a person is deprived of information that a law has been violated" is not legally cognizable.); *Vroom v. FEC*, 951 F. Supp. 2d 175, 178-79 (D.D.C. 2013).  In sum, what a plaintiff in such cases really "desires is for the Commission to 'get the bad guys,' rather than disclose information.  [Plaintiff] has no standing to sue for such relief."  *Common Cause*, 108 F.3d at 418.

An Article III injury can arise when a statute has "'explicitly created a right to information,'" *Am. Farm Bureau v. EPA,* 121 F. Supp. 2d 84, 97 (D.D.C. 2000) (quoting *Animal Legal Def. Fund, Inc. v. Espy,* 23 F.3d 496, 502 (D.C. Cir. 1994)), but CLC does not make such a claim here.  "For a plaintiff to successfully claim standing based on an informational injury, he must allege that he is directly deprived of information that must be disclosed under a statute." *CREW v. U.S. Dep't of the Treasury, IRS*, 21 F. Supp. 3d 25, 32 (D.D.C. 2014); *ASPCA v. Feld Entm't, Inc.*, 659 F.3d 13, 23 (D.C. Cir. 2011) ("For purposes of informational standing, a plaintiff 'is injured-in-fact . . . because he did not get what the statute entitled him to receive.'") (quoting *Zivotofsky v. Sec'y of State,* 444 F.3d 614, 618 (D.C. Cir. 2006)).  However, "[n]othing in the FECA requires that information concerning a violation of the Act as such be disclosed to the public."  *All. for Democracy v. FEC*, 362 F. Supp. 2d 138, 148 (D.D.C. 2005).  CLC makes no claim to deprivation of any statutorily required disclosure.  Courts in comparable FEC cases have repeatedly emphasized that plaintiffs seeking determinations of illegality lack standing to maintain their claims.  *See, e.g.*, *Wertheimer,* 268 F.3d at 1075 (holding that plaintiffs lacked standing to seek a legal determination that certain transactions constitute coordinated expenditures); *CREW*, 267 F. Supp. 3d at 54 (holding that advocacy group lacked standing to challenge FEC dismissal of alleged violation of FECA's "prohibition on pass-through contributions" because "nothing in the statute or regulatory regime" would have required the

alleged violator to disclose information); *Vroom*, 951 F. Supp. 2d at 178-79 (holding that plaintiff lacked standing to seek a legal determination that certain political committees were affiliated).

Alleged violations of FECA's reporting violations can suffice to provide an informational injury, *see, e.g.*, *FEC v. Akins*, 524 U.S. 11 (1998), but here plaintiff claims that already disclosed contributions were unlawful, not that contributions failed to be disclosed.  CLC has already received key information about the allegedly improper contributions here directly from mandatory FEC disclosure reports filed by Rebuilding America Now, data which is also readily available to the general public.  *See* Compl. ¶¶ 8 n.4, 18 n.14; Rebuilding America Now, Report of Receipts & Disbursements at 13, FEC Form 3X (filed Dec. 8, 2016), http://docquery.fec.gov/cgi-bin/fecimg/?201612089039950752; Rebuilding America Now, Report of Receipts & Disbursements at 33, FEC Form 3X (filed Oct. 15, 2016), http://docquery.fec.gov/cgi-bin/fecimg/?201610159032869693.  This reporting shows the nature and extent of GC Holdings's support for Rebuilding America Now, regardless of whether the contributions were lawful under FECA.  "[N]o informational injury has been sustained here because the information required to be disclosed by the statute has already been disclosed."  *All. for Democracy,* 362 F. Supp. 2d at 147.

CLC also does not allege that any FEC investigation in this matter would elicit new information that is legally required to be disclosed.  52 U.S.C. § 30119 merely prohibits the making of certain contributions, and it is distinct from FECA's reporting requirements at 52 U.S.C. § 30104.  Thus, even if the Commission were to investigate plaintiff's allegations of unlawful federal contractor contributions, plaintiff would not learn the identity of any donor of whom it is currently unaware.  CLC already alleges that GC Holdings is the true source of the

funds.  (Compl. ¶¶ 1, 8, 18.)  In circumstances like this where any information claimants may purport to seek is already available to them, those claimants lack standing to maintain their claims.  *See, e.g.*, *Judicial Watch*, 293 F. Supp. 2d at 46-47 (holding that a plaintiff who had alleged reporting violations regarding his own contributions to a candidate lacked standing because he was "already aware of the facts underlying his own alleged contributions" and his lawsuit was unlikely to produce additional facts of which he was not already knowledgeable); *CREW v. FEC*, 799 F. Supp. 2d 78, 88-89 (D.D.C. 2011) (holding that plaintiffs lacked a cognizable informational injury where they sought a legal determination that certain expenses were in-kind contributions but failed to "allege any specific *factual information* . . . that [wa]s not already publicly available"); *see also CREW v. FEC*, 475 F.3d 337, 339-40 (D.C. Cir. 2007) (holding that plaintiffs lacked standing in part because "any citizen who wants to learn the details of the transaction . . . can do so by visiting the Commission's website, which contains the [sought after] list and a good deal more").

In fact, a recent case CLC itself brought against the FEC underlines the lack of cognizable injury where a plaintiff already has the relevant information that FECA requires to be disclosed.  *See Campaign Legal Ctr. v. FEC*, 245 F. Supp. 3d 119, 125-27 (D.D.C. 2017).  In that challenge to the dismissal of several administrative complaints, the court found no informational injury and thus no standing as to complaints that amounted to efforts to have the FEC reclassify known, publicly reported contributions as illegal, that is, to have the FEC make a legal determination.  (*Id*. at 125-26.)  By contrast, the court found that CLC did have standing to pursue claims — unlike those here — alleging missing information about the true source of contributed funds.  (*Id*. at 127.)

In this case, CLC may have a general interest in learning whether known contributions

made by GC Holdings were unlawful, but CLC lacks standing to seek that information because there is no general statutory requirement that a violation of the Act be disclosed as such to the public. CLC's desire "for the Commission to 'get the bad guys'" is not a legally cognizable interest, *Common Cause*, 108 F.3d at 418, and CLC has thus failed to plead or show any particularized injury sufficient to give it standing. This case should be dismissed for lack of jurisdiction.

### III. CLC'S APA CLAIM SHOULD BE DISMISSED UNDER RULE 12(b)(6) BECAUSE FECA PROVIDES AN ADEQUATE JUDICIAL REVIEW MECHANISM

Plaintiff CLC's claim pursuant to the Administrative Procedure Act should be dismissed. Dismissal of a claim is appropriate where, accepting the factual allegations in the complaint as true and drawing all reasonable inference in the plaintiff's favor, the allegation fails as a matter of law to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. at 678; *Sierra Club v. Jackson,* 648 F.3d 848, 854 (D.C. Cir. 2011). A claim must be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). In this case, CLC purports to rely on the APA as a separate and independent basis for challenging the Commission's alleged delay, asserting that "[b]y failing to act on plaintiff's administrative complaint within 120 days of its filing, the FEC unlawfully withheld and unreasonably delayed agency action under 5 U.S.C. § 706(1)." (Compl. ¶ 26.) However, no separate APA claim exists because FECA provides an adequate judicial review mechanism. Thus, CLC's purported APA claim should be dismissed.[1]

---

[1]     In the alternative, CLC's APA claim could be dismissed for a lack of subject matter jurisdiction pursuant to Rule 12(b)(1) rather than Rule 12(b)(6); courts have "not always been consistent in maintaining the[] distinctions" between the two rules. *Sierra Club*, 648 F.3d at 853.

52 U.S.C. § 30109(a)(8) provides the exclusive mechanism for judicial review of any FEC dismissal of an administrative complaint and any claimed failure to act on such a complaint. Judicial review of agency action under the APA is available only where "made reviewable by statute" and where there is "no other adequate remedy" for final agency action.  5 U.S.C. § 704. "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."  *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988).  Thus, the APA "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures."  *Id.*; *see CREW v. DOJ*, 846 F.3d 1235, 1244-45 (D.C. Cir. 2017) (same).  To determine the proper basis for judicial review, courts examine the relevant statute's language, structure, and legislative history.  *See Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 349 (1984) (explaining that a "detailed mechanism for judicial consideration of particular issues at the behest of particular persons" may demonstrate that other forms of judicial review are "impliedly precluded"); *Klayman v. Obama*, 957 F. Supp. 2d 1, 20 (D.D.C. 2013) (concluding that the Foreign Intelligence Surveillance Act precluded plaintiffs' claim for judicial review pursuant to the APA).

In section 30109(a)(8), Congress delineated the scope of judicial review available in an action challenging alleged FEC delay in handling an administrative complaint.  The statute specifies that (a) the statutory cause of action is available only to a complainant (b) whose complaint was not acted on within 120 days; (c) any petition for judicial review must be filed in the United States District Court for the District of Columbia; (d) the available relief is a judicial declaration that "the failure to act . . . is contrary to law" and an order "direct[ing] the Commission to conform with such declaration"; and (e) the safety valve in the event the agency fails to conform with such an order is a private right of action by the complainant.  52 U.S.C. §

30109(a)(8).  Because FECA contains this explicit and detailed review provision, there is clearly

an "adequate remedy" as described in the APA, 5 U.S.C. § 704.  FECA's "detailed mechanism

for judicial consideration of particular issues at the behest of particular persons" precludes other

forms of judicial review, including review under the APA.  *See Block*, 467 U.S. at 349.  Where,

as here, Congress has "fashion[ed] . . . an explicit provision for judicial review" of certain

agency action or failure to take action and has "limit[ed] the time to raise such a challenge," the

Court of Appeals has found that "it is 'fairly discernible' that Congress intended that particular

review provision to be exclusive*." Coal River Energy, LLC v. Jewell,* 751 F.3d 659, 664 (D.C.

Cir. 2014); *see Garcia v. Vilsack*, 563 F.3d 519, 523 (D.C. Cir. 2009).

Although this issue has mostly arisen in the context of administrative complaint

dismissals rather than alleged delay, every court that has considered the nature of the judicial-

review procedures in section 30109(a)(8) has found that those FECA procedures are exclusive.

In fact, the D.C. Circuit has confirmed that section 30109(a)(8) is "as specific a mandate as one

can imagine" and accordingly concluded that "the procedures it sets forth — procedures

purposely designed to ensure fairness not only to complainants but also to respondents — must

be followed before a court may intervene." *Perot v. FEC*, 97 F.3d 553, 559 (D.C. Cir. 1996).

The Fifth Circuit similarly found "substantial evidence that Congress set forth the exclusive

means for judicial review under [FECA]" in section 30109(a)(8).  *Stockman v. FEC*, 138 F.3d

144, 156 (5th Cir. 1998).  More recently, this District Court has twice held that the review

procedure in section 30109(a)(8) precludes an APA claim for dismissal of an administrative

complaint.  *CREW v. FEC*, 243 F. Supp. 3d 91, 104 (D.D.C. 2017) (FECA provides an adequate

remedy so there is no parallel claim for relief under the APA); *CREW v. FEC*, 164 F. Supp. 3d

14

113, 120 (D.D.C. 2015) ("This [section 30109(a)(8) judicial review mechanism] precludes review of FEC enforcement decisions under the APA.").

FECA's overall structure and legislative history confirm Congress's intent to limit the scope of judicial review of matters within the FEC's area of responsibility. FECA grants the Commission "exclusive jurisdiction with respect to the civil enforcement" of the Act, 52 U.S.C. § 30106(b)(1), and it establishes a specific system of judicial review that "funnels all challenges to the FEC's handling of complaints through the U.S. District Court for the District of Columbia," *CREW*, 164 F. Supp. 3d at 119 (citing section 30109(a)(8)(A)). "The legislative history of [FECA] confirms that '[t]he delicately balanced scheme of procedures and remedies set out in the Act is intended to be the exclusive means for vindicating the rights and declaring the duties stated therein.'" *Stockman*, 138 F.3d at 154 (alteration in original) (quoting 120 Cong. Rec. 35,314 (1974) (remarks of Rep. Hayes, Conference Committee Chairman)).

In sum, section 30109(a)(8) provides the exclusive mechanism for challenging the Commission's dismissal or delay of administrative complaints and limits the scope of relief available to plaintiff CLC in this action. The portions of plaintiff's complaint that purport to rely on the APA or seek relief beyond what is permitted in section 30109(a)(8) thus fail to state a claim and should be dismissed.

## IV.    CONCLUSION

For all the foregoing reasons, the Court should dismiss plaintiff's Complaint.


Respectfully submitted,

| | |
|---|---|
| Lisa J. Stevenson (D.C. Bar No. 457628) | Harry J. Summers |
| Acting General Counsel | Assistant General Counsel |
| lstevenson@fec.gov | hsummers@fec.gov |

| | |
|---|---|
| Kevin Deeley | /s/ *Benjamin A. Streeter III* |
| Associate General Counsel | Benjamin A. Streeter IIII |
| kdeeley@fec.gov | Attorney |
| | bstreeter@fec.gov |

FEDERAL ELECTION COMMISSION
1050 First Street NE
March 19, 2018                                Washington, DC  20463
(202) 694-1650

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CAMPAIGN LEGAL CENTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. No. 18-cv-0053 (TSC) |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL ELECTION COMMISSION, | ) | PROPOSED ORDER |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] ORDER**

Upon consideration of defendant Federal Election Commission's Motion to Dismiss and any opposition filed by plaintiff Campaign Legal Center, it is hereby

ORDERED that the Federal Election Commission's Motion to Dismiss is GRANTED, and Campaign Legal Center's Complaint is DISMISSED WITH PREJUDICE**.**

Dated: _____, 2018          _____
                                        The Honorable Tanya S. Chutkan
                                         United States District Judge