IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMPAIGN LEGAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL ELECTION COMMISSION,<br><br>Defendant. | Civil Action No. 18-53 (TSC) |

## JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f) AND LCvR 16.3

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.3, the parties respectfully file this joint report regarding the conference of the parties. The parties report below on the results of their discussions, organized by the numbers listed in Local Rule 16.3(c).

1. The parties have now completed briefing on the motion to dismiss filed by the Federal Election Commission ("FEC"). The parties agree that any discovery, as well as the negotiation and entry of a protective order to permit the disclosure of confidential information, should await the Court's resolution of that motion.

2. The parties do not anticipate the joining of any additional parties or amendment of pleadings, nor do they believe some or all of the factual issues can be agreed upon or narrowed at this time.

3. The parties do not believe the case should be assigned to a magistrate judge.

4. At this time, there is no realistic possibility of settling the case.

5. The parties do not believe the case would benefit from the Court's alternative dispute resolution procedures.

6. The parties believe, if the Court denies the FEC's motion to dismiss, that the case can be resolved on summary judgment. **<u>Plaintiff's Position</u>**: Plaintiff proposes that cross-motions for summary judgment be due four weeks after the close of discovery. **<u>FEC's Position</u>**: The FEC recommends that the court direct the parties to meet and confer and then file a new joint status report with a proposed scheduling order within 14 (fourteen) days of entry of any order denying the FEC's motion to dismiss. The joint report would provide proposals as to negotiation of a protective order as would be required for disclosure of information about a pending administrative enforcement matter under the confidentiality provision of the Federal Election Campaign Act ("FECA"), 52 U.S.C. §30109(a)(12); the parties' positions on discovery and disclosure of information in this matter, and a proposed schedule for summary judgment briefing.

7. The parties agree to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

8. **<u>Plaintiff's Position</u>**: Plaintiff's position is that fact discovery, including answers to interrogatories, document production, requests for admission, and/or depositions are necessary and appropriate to explore the reasons for the FEC's delay in taking action on Plaintiff's administrative complaint. *See, e.g.*, *Western Watersheds Project v. Pool*, 942 F. Supp. 2d 93, 101 (D.D.C. 2013) ("'[I]f an agency fails to act, there is no 'administrative record' for a federal court to review.' Therefore, 'there may well be reason for discovery, since agency delay is not necessarily a discrete event resulting from a decision based upon some sort of administrative record, but may be simply . . . after-the-event justifications [ ] which may need to be explored by plaintiffs.'" (quoting *Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 79 (D.C. Cir. 1984) (citation omitted)). In particular, Plaintiff expects the FEC to invoke its own internal resource allocation as a defense, and Plaintiff believes it is entitled to discover factual evidence related to

that defense. Plaintiff believes the limits provided under the Federal Rules of Civil Procedure are appropriate for this case. Plaintiff proposes discovery commence one week following the Court's disposition of Defendant's motion to dismiss and be open for a period of 90 days thereafter. The parties agree that a protective order may be needed regarding any discovery taken.

**FEC's Position**: The Court need not resolve the issue of discovery now but instead can do so if the motion to dismiss is denied and after the submission of the later joint status report described in paragraph 6 above. To the extent discovery is evaluated now, the FEC notes that this case involves the review of non-final administrative action and discovery is not generally appropriate in such matters. As the Commission would demonstrate in greater detail if necessary later, a sworn declaration with a "detailed chronology" of any administrative actions should be considered, *Rose v. FEC*, 608 F. Supp. 1, 3 & n. 2, 4 (D.D.C. 1984), *rev'd on other grounds sub nom., In re Nat'l Cong. Club v. FEC,* Nos. 84-5701, 1984 WL 148396 (D.C. Cir. Oct. 24, 1984) (per curiam)*,* as courts in this District have provided in many cases of alleged FEC failure to act. The Commission believes that this is the appropriate procedure, following entry of an appropriate protective order necessitated by FECA's confidentiality provisions, as described above. *See also, e.g. Sierra Club v. U.S. Dep't of Energy*, 26 F. Supp. 2d 1268, 1271 (D. Colo. 1998) (rejecting request for discovery in a case involving an agency's alleged failure to act), *aff'd,* No. 97-B-529, 1998 WL 895927 (D. Colo. Oct. 22, 1998).

9. The parties agree to confer further regarding the form of any discovery if necessary following the Court's resolution of the FEC's motion to dismiss. As stated above, Plaintiff proposes discovery commence a week following such resolution. As stated above, the FEC recommends that the parties' joint conference report describing the parties' views on discovery and other matters be filed within 14 days of any denial of the pending motion to dismiss.

3

10. The parties agree to confer further regarding the process for claims of privilege if necessary following the Court's resolution of the FEC's motion to dismiss. The parties agree that a protective order based on section 30109(a)(12) is likely to be needed, but they expect no other issues related to privilege at this time.

11. The parties do not anticipate the need for expert witnesses.

12. The procedures for class actions are not applicable to this case.

13. The parties do not anticipate the need for bifurcation.

14. The parties do not believe it is necessary to set a pretrial conference date at this time.

15. The parties do not believe the Court should set a trial date at this time.

16. The parties do not believe additional matters are necessary for inclusion in a scheduling order at this time.

| | |
|---|---|
| Dated April 11, 2018 | Respectfully submitted, |
| | |
| Lisa J. Stevenson (D.C. Bar No. 457628)<br>Acting General Counsel<br>lstevenson@fec.gov | */s/ Mark P. Gaber*<br>Mark P. Gaber (D.C. Bar No. 988077)<br>1411 K Street NW, Suite 1400<br>Washington, DC 20005<br>(202) 736-2200<br>mgaber@campaignlegalcenter.org |
| Kevin Deeley<br>Associate General Counsel<br>kdeeley@fec.gov | *Counsel for Plaintiff* |
| Harry J. Summers<br>Assistant General Counsel<br>hsummers@fec.gov | |
| */s/ Benjamin A. Streeter III*<br>Benjamin A. Streeter III<br>Attorney<br>bstreeter@fec.gov | |
| FEDERAL ELECTION COMMISSION<br>1050 First Street NE<br>Washington, DC 20463<br>(202) 694-1650 | |
| *Counsel for Defendant* | |

## CERTIFICATE OF SERVICE

I certify that, on this 11th day of April 2018, the foregoing was served to all counsel of record via the Court's CM/ECF system.

*/s/ Mark P. Gaber*
Mark P. Gaber

*Counsel for Plaintiff*
