UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CAMPAIGN LEGAL CENTER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 18-cv-0053 (TSC) |
| FEDERAL ELECTION COMMISSION, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Under the Federal Election Campaign Act (FECA), 52 U.S.C. § 30109(a)(8)(A), a complainant may sue in this court if the Federal Election Commission (FEC) fails to act on its complaint within 120 days.  In 2016, Plaintiff Campaign Legal Center (CLC) filed an administrative complaint with Defendant FEC alleging that a private prison company violated federal law.  (ECF No. 1 (Compl.) ¶ 1.)  After a year passed with no FEC action, CLC brought this suit, arguing that the delay violated FECA's 120-day rule and constituted unreasonable delay under the Administrative Procedure Act (APA), 5 U.S.C. § 706(1).

FEC moves to dismiss both counts, arguing that the court lacks jurisdiction to hear the FECA claim and that CLC has failed to state a claim under the APA.  (ECF No. 16 (MTD) at 1.)  Having considered the entire record, and for the reasons stated below, FEC's motion will be granted.

### I.    STANDARD

FEC argues that CLC has no standing to sue.  In assessing standing on a motion to dismiss, a court must "accept the well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor." *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015)

1

(internal citations omitted). A complaint may be dismissed "only if it is clear that no relief c[an] be granted under any set of facts that could be proved consistent with the allegations." *Totten v. Norton*, 421 F. Supp. 2d 115, 119 (D.D.C. 2006) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (internal quotation marks omitted). A court has discretion to consider materials outside the pleadings to determine its jurisdiction. *See Settles v. U.S. Parole Comm'n,* 429 F.3d 1098, 1107 (D.C. Cir. 2005).

To survive FEC's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), CLC's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim [of standing] that is plausible on its face.'" *Arpaio*, 797 F.3d at 19 (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must establish that it suffered a concrete and particular injury in fact; that the injury is fairly traceable to the challenged action; and that it is likely that the injury will be redressed by a favorable decision. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–561(1992). "The injury must affect the plaintiff in a personal and individual way," *Id.* at 561 n.1, therefore courts "may not entertain suits alleging generalized grievances that agencies have failed to adhere to the law." *Freedom Republicans, Inc. v. FEC*, 13 F.3d 412, 415 (D.C. Cir. 1994).

## II.     ANALYSIS

### A. <u>Count I: FECA, 52 U.S.C. § 30109(a)(8)(A)</u>

FEC argues that CLC fails to establish Article III standing because it does not allege any concrete or particularized injury. (MTD at 7.) CLC responds that 52 U.S.C. § 30109(a)(8)(A) creates a substantive right to FEC action within 120 days and that the deprivation of that right (caused by FEC's failure to act within 120 days) confers standing. (ECF No. 19 (Response) at 1-7.)

In *Common Cause v. FEC*, 108 F.3d 413 (D.C. Cir. 1997), the D.C. Circuit found that

§ 30109(a)(8)(A) "does not confer standing; it confers a right to sue upon parties who otherwise already have standing." *Id.* at 419.  CLC argues that *Common Cause* is not dispositive because that case involved an appeal of agency action, whereas this case involves a challenge to agency inaction. (Response at 9.)  The court disagrees.  *Common Cause* did not distinguish between challenges to action and challenges to inaction; it stated unambiguously that § 30109(a)(8)(A)—which governs both types of challenges—does not confer standing.  108 F.3d at 419.  At least one other court in this District, relying on *Common Cause*, has held that § 30109(a)(8)(A) does not confer standing to challenge FEC's failure to take action within 120 days.  *See Judicial Watch, Inc. v. FEC*, 293 F. Supp. 2d 41, 48 (D.D.C. 2003) ("The [D.C. Circuit] made clear that while the FEC's failure [to] act within the 120-day period of [§ 30109(a)(8)(A)] conferred a right to sue, it did not also confer standing.")  Given binding precedent from this Circuit on this issue,[1] the court finds that CLC lacks standing to sue under § 30109(a)(8)(A), and will accordingly grant FEC's motion to dismiss Count 1.

### B. Count II: APA, 5 U.S.C. § 706(1)

Count II asserts that "[b]y failing to act on plaintiff's administrative complaint within 120 days of its filing, the FEC unlawfully withheld and unreasonably delayed agency action under 5 U.S.C. § 706(1)." (Compl. ¶ 26.)  FEC argues that this claim must be dismissed because FECA provides an adequate mechanism for judicial review, and the APA is only available where "there is 'no other adequate remedy' for final agency action." (MTD at 13 (quoting 5 U.S.C. § 704).)  CLC did not respond to this argument in its opposition; it instead states in a footnote that "[t]o the extent

---

[1] CLC urges this court to depart from the holdings of *Common Cause* and *Judicial Watch* because they were decided before *In re American Rivers & Idaho Rivers United*, 372 F.3d 413 (D.C. Cir. 2004).  (Response at 6.)  But *American Rivers*, in which Article III standing was uncontested, provides no basis for such a departure.

the Court concludes section 30109(a)(8)(A) provides an adequate mechanism for judicial review of the FEC's failure to act, CLC does not object to the dismissal of its separate APA claim." (Response at 11 n.7.)

FEC is correct that 52 U.S.C. § 30109(a)(8)(A) provides the exclusive mechanism for judicial review, thus precluding review under the APA.  (ECF No. 18 (Reply) at 11.)  The APA "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures."  *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988); *see CREW v. DOJ*, 846 F.3d 1235, 1244–45 (D.C. Cir. 2017).  The D.C. Circuit has noted that § 30109(a)(8)(A) contains "as specific a mandate as one can imagine[,]" *Perot v. FEC*, 97 F.3d 553, 559 (D.C. Cir. 1996), and two courts in this District have held that § 30109(a)(8)(A) precludes an APA claim that challenges the dismissal of a complaint.  *See CREW v. FEC*, 243 F. Supp. 3d 91, 104 (D.D.C. 2017) (FECA provides an adequate remedy so there is no parallel claim for relief under the APA); *CREW v. FEC*, 164 F. Supp. 3d 113, 120–121 (D.D.C. 2015) ("This [§ 30109(a)(8) judicial review mechanism] precludes review of FEC enforcement decisions under the APA.").

Accordingly, Count II will be dismissed for failure to state a claim.

### III.   CONCLUSION

For the foregoing reasons, FEC's Motion to Dismiss Counts I and II will be granted. A corresponding order will be issued simultaneously.

Date:  May 26, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge